April 15, 1993 [NOT FOR PUBLICATION]
UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-2370

HPY, INC.,

Plaintiff-Appellant,

v.

ELECTRIC POWER AUTHORITY, ET AL.,

Defendants-Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jose Antonio Fuste, U.S. District Judge]

Before

Cyr, Circuit Judge,

Boudin, Circuit Judge,

and Burns, Senior District Judge.

Francisco J. Amundaray-Rodriguez, Mirta E. Rodriguez-Mora,

Attorney, Department of Justice, Adrian Mercado and Mercado & Soto on

brief for appellant.
Reina Colon De Rodriguez, Acting Solicitor General, Department of

Justice, Carlos Lugo Fiol, Assistant Solicitor General, Department of

Justice, Arturo Trias, Miguel R. Garay Auban, Pedro Santiago-Torres,

Jorge Marrero Narvaez, and Trias, Acevedo & Otero on brief for

appellees.

* Of the District of Oregon, sitting by designation.

Per Curiam. HPY, Inc., brought this action under 42

U.S.C. 1983 against three public authorities in Puerto

Rico, certain of their officials, and John Does 1 through

1,000. The agencies are the Electric Power Authority, the

Puerto Rico Aqueduct and Sewer Authority and the Rural

Housing Administration. The heart of the complaint was the

following allegation:

On or about 1985, squatters, without
valid title or authorization from the
plaintiff started massive land invasions
on said properties [belonging to
plaintiff]. The squatters, also
Defendants of [sic] this suit, encouraged
and abetted by the other Defendants,
proceeded to construct or build shacks
and houses on Plaintiff's properties.

This, said the complaint, comprised a deprivation of property

rights "without due process and without due compensation."

The defendants moved to dismiss the complaint for

failure to state a claim. Fed. R. Civ. P. 12(b)(6). In

opposing the motion, HPY offered a few more factual

allegations. Specifically, it alleged that squatters had

occupied its land and that some or all of the named

defendants had encouraged the invasion and abetted the

squatters by supplying public facilities like power to the

squatters and even constructing or assisting the squatters to

construct shacks. The district court ultimately dismissed

the complaint, with prejudice, for failure to state a claim,

observing that "we are as likely to squeeze blood from a

-2-

stone as we are to squeeze any more facts from this complaint

. . . ." HPY appeals.1

We affirm the district court. Section 1983 creates a

claim for injuries done by anyone who "acting under color of"

state law deprives the victim of any "rights, privileges, or

immunities" protected under the Constitution. The original

complaint did not explain what the named defendants had done

under color of state law, but we will take the complaint on

this appeal as illuminated by HPY's oppositions to the

motions to dismiss. Even in this posture, and allowing HPY

the benefits of liberal pleading rules, 5 Wright & Miller,

Federal Practice and Procedure 1219 (1990), we cannot see

how HPY can premise a claim under section 1983 upon the facts

alleged.

We will assume arguendo that the color of state law

requirement is met as to the named defendants (since they are

governmental entities and officials) and that HPY's property

has been physically occupied and its value diminished. But

if the actions of the named defendants are not authorized by

local law or regulation, then there is no constitutional

violation so long as local law affords a remedy for any

tortious misconduct. Hudson v. Palmer, 468 U.S. 517, 533

1After filing its brief with this court, HPY filed two
informative motions. One motion amended a page reference
included in its brief; the second provided us with
supplemental support for its argument. We grant both
motions.

-3-

(1984) (unauthorized property seizure of state employees not

a constitutional deprivation if state remedy afforded).

Defendants assert that there is a remedy under local law, 32

L.P.R.A. 3077. HPY neither alleged the absence of such a

remedy in the complaint nor countered defendants' assertion

in this court (HPY did not file a reply brief).

Alternatively, if HPY is alleging that the abetting of

the trespass is authorized by Puerto Rican law, conceivably a

taking claim would arise and the Constitution would require

compensation. But again there is no constitutional

deprivation so long as Puerto Rico provides an appropriate

remedy to secure compensation for takings. Williamson

Planning Commission v. Hamilton Bank, 473 U.S. 172, 194

(1985). Once again, the defendants assert that such a remedy

exists under Puerto Rican law, see Culebras Enterprises Corp.

v. Rivera Rios, 813 F.2d 506, 513 (1st Cir. 1987), and once

again there is no contrary allegation in the complaint and no

counter to defendants' assertion by way of reply brief.

HPY also complains that the dismissal should have been

without prejudice in light of the liberal leave-to-amend

policies followed by the courts. Here, however, HPY filed an

utterly uninformative complaint. We have effectively treated

the additional material scattered in its three oppositions

filed in the district court as amendments to the complaint.

Even so, HPY has still failed to state a claim, nor has it

-4-

filed a reply in this court responding to the authorities

just recited (which were set forth in the answering briefs).

Accordingly, we do not think that the dismissal with

prejudice represents an abuse of discretion.

Affirmed.

-5-